UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>ENIO ZARAGOZA-SANTA CRUZ,<br><br>Defendant/Petitioner. | NO. CR-08-2095-EFS<br>(NO. CV-10-3085-EFS)<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

Before the Court, without oral argument, is Petitioner Enio Zaragoza-Santa Cruz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody. (ECF No. 248.) Mr. Zaragoza-Santa Cruz contends the sentence is invalid because 1) he was illegally searched; 2) the sentence was imposed based on "stipulated facts" that he was manufacturing methamphetamine, when in fact, it was marijuana; and 3) he received ineffective assistance of counsel. For the reasons set forth below, the Court denies Mr. Zaragoza-Santa Cruz's motion.

**A.  Background**

On September 16, 2008, Mr. Zaragoza-Santa Cruz was charged with conspiracy to manufacture at least 1,000 marijuana plants, in violation of 21 U.S.C. § 846 (Count 1), and manufacturing at least 1,000 marijuana

plants, in violation of 21 U.S.C. § 841(a)(1) (Count 2) (ECF No. 1.) Mr. Zaragoza-Santa Cruz entered a guilty plea to Count 1 of the Indictment on September 16, 2008. (ECF No. 146.) Because Mr. Zaragoza-Santa Cruz had a prior drug felony conviction, this charge had a mandatory-minimum sentence of twenty (20) years. 21 U.S.C. § 8441(b)(1)(A) & 851. The Court accepted Mr. Zaragoza-Santa Cruz's plea as knowing, intelligent, and voluntary (ECF No. 156) and sentenced him to twenty (20) years imprisonment. (ECF No. 226.) Judgment was entered on August 27, 2009. *Id.* Mr. Zaragoza-Santa Cruz filed the motion under consideration on September 27, 2010.

**B. Analysis**

Section 2255 of Title 28 allows a prisoner in custody to attack a sentence on the grounds that such sentence was imposed in violation of the federal constitution or law, the Court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court examines a § 2255 motion and the record to determine whether summary dismissal is warranted. Rules Governing § 2255 Proceedings for the U.S. Dist. Cts 4(b). The Court must deny the motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

    **1. Timeliness**

Before addressing Mr. Zaragoza-Santa Cruz's grounds for relief on the merits, the Court considers the threshold issue of whether his

ORDER ~ 2

petition is timely. In order to bring a § 2255 suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Mr. Zaragoza-Santa Cruz does not specify why his petition was timely; rather, he believes that § 2255's one-year limitation "DOES NOT APPLY IN THIS MATTER.[sic]?" This belief is unfounded; Mr. Zaragoza-Santa Cruz must comply with § 2255's one-year limitation. Mr. Zaragoza-Santa Cruz fails to explain, and the Court cannot discern, under which of the subsections his first ground for relief, that he was subjected to an illegal search, and third ground for relief, that he was denied effective assistance of counsel, were timely brought. And while he does he explain why his second ground for relief, that the sentence was imposed based on "stipulated facts" that he was manufacturing methamphetamine rather than marijuana, was timely, the Court anticipates the limitation period should be measured under subsection (1). But subsection (1) is inapplicable. Mr. Zaragoza-Santa Cruz was sentenced on August 13, 2009, (ECF No. 216), and the Judgment in a Criminal Case, (ECF No. 226), was entered on August 27, 2009. In the plea agreement, Mr. Zaragoza-Santa Cruz waived his right to appeal his sentence and

ORDER ~ 3

conviction (ECF No. 150); thus, the statute of limitations began to run on the date judgment was entered: August 27, 2009. Fed. R. App. P. 4(b)(1)(A)(I); *see Clay v. United States*, 537 U.S. 522 (2003); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (finding that the statute of limitations begins to run "upon the expiration of the time during which [the petitioner] could have sought review by direct appeal"). Subsection (1) is inapplicable because one year and one month passed between the date the judgment became final and the filing of this petition on September 27, 2010. He does not present any facts indicating that any of the other subsections apply to this ground for relief. Accordingly, Mr. Zaragoza-Santa Cruz's petition is untimely.

**2. Grounds for Relief**

In his plea agreement, Mr. Zaragoza-Santa Cruz expressly waived his right to appeal his conviction and sentence:

> Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based upon information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

(ECF No. 150, ¶ 17.) Based on this waiver, Mr. Zaragoza-Santa Cruz waived the right to challenge his conviction based upon his first ground for relief, that he was searched without a warrant, and second ground for relief, that the sentence was imposed based on "stipulated facts" that he was manufacturing methamphetamine rather than marijuana.

ORDER ~ 4

But even if he had not waived those challenges, there is no evidence to support them. To the contrary, Mr. Zaragoza-Santa Cruz's signed plea agreement specifically refers to a search warrant, obtained for the property at 3360 Progressive Road, Wapato, Washington, after LEAD Detective Mike Akins smelled marijuana and observed several suspects flee that residence during a "knock and talk." *Id*. ¶ 6. Mr. Zaragoza-Santa Cruz admitted to assisting in the manufacture of marijuana there for about two (2) days. *Id*. Thus, there is no evidence that the search of the property is illegal, and Mr. Zaragoza-Santa Cruz admitted to such facts.

Nor is there any evidence that his sentence was imposed based on a conviction for methamphetamine rather than marijuana. The record plainly establishes that Mr. Zaragoza-Santa Cruz's Indictment (ECF No. 1), Plea Agreement (ECF No. 150), Presentence Investigation Report (ECF No. 186), and Judgment (ECF No. 226) were based on facts and applicable law for conspiracy to manufacture at least 1,000 plants of marijuana. Mr. Zaragoza-Santa Cruz fails to identify where in the record the Court imposed a conviction or sentence for manufacture of methamphetamine.

Based on this waiver, it appears that only Mr. Zaragoza-Santa Cruz's third ground for relief, for ineffective assistance of counsel, potentially survives. But this argument is seriously flawed. Mr. Zaragoza-Santa Cruz has failed to provide facts justifying his belief that defense counsel was ineffective or uncooperative and how that claim is based on information he either did not know or could not have known at the time of sentencing. A habeus corpus petition must "specify all the grounds for relief available to the petitioner" and "state the facts

supporting each ground." Rule Governing § 2255 Proceedings for U.S. Dist. Cts 2(b); *see also Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Mr. Zaragoza Santa-Cruz simply states:

> Due to the fact that councel [sic] was appointed by thje [sic] distrcitc [sic] court councel [sic] obtained a conviction just to pass the case, did not obtain a fir [sic] conviction due to the fact that the actual facts of the case where [sic] never brought upon the courts, to proceee [sic] not only by testimony if not by facts of evidence recovered.

(ECF No. 248, at 7.) Mr. Zaragoza-Santa Cruz apparently believes that defense counsel was ineffective because he either counseled or allowed him to enter a guilty plea, thereby precluding him from introducing testimony and evidence at trial. These facts, without more, are insufficient to show that defense counsel's representation fell below the standard of care, especially in light of the twenty-year mandatory-minimum Mr. Zaragoza-Santa Cruz faced.

Accordingly, the Court finds that Mr. Zaragoza-Santa Cruz is not entitled to relief. The Court is sympathetic to Mr. Zaragoza-Santa Cruz's situation: he will serve twenty years imprisonment because of two days' work at a marijuana grow operation. But because Mr. Zaragoza-Santa Cruz, a minor-participant day laborer, was prosecuted as a co-conspirator, and then subject to a 21 U.S.C. § 851 Information alleging his prior felony conviction, he faced a twenty-year mandatory-minimum prison sentence. For this reason, the Court was powerless to impose a lower sentence.

ORDER ~ 6

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Zaragoza-Santa Cruz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody **(ECF No. 248)** is **DENIED**.

2. The Court **DECLINES** to issue a certificate of appealability.

3. The related civil case file is to be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the Petitioner:

>    Enio Zaragoza-Santa Cruz(12528-085)
>    FCI-Gilmer (West Virginia FBOP)
>    P O Box 6000
>    Glenville, WV 26351

**DATED** this ____22nd____ day of December 2010.

> _____S/ Edward F. Shea_____
>             EDWARD F. SHEA
>       United States District Judge

Q:\Criminal\2008\2095.untimely.wpd

ORDER ~ 7