UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>        v.<br><br>ENIO ZARAGOZA-SANTA CRUZ,<br><br>    Defendant/Petitioner. | NO. CR-08-2095-EFS<br>(NO. CV-10-3085-EFS)<br><br>**ORDER DENYING<br>DEFENDANT/PETITIONER'S MOTION<br>TO ALTER/AMEND ORDER** |

This matter comes before the Court on Defendant/Petitioner Enio Zaragoza-Santa Cruz's Motion to Alter/Amend Judgment under Fed. R. Civ. P. 59(e) and/or Motion to Reopen/Reinstate Under Fed. R. Civ. P. 60(b) for Legal Error/Mistake and to Avoid Miscarriage of Justice, ECF No. 250, and Motion for Order Granting Motion to Alter/Amend Judgment, ECF No. 251. Mr. Santa Cruz moves the Court to reconsider its December 22, 2010 Order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, ECF No. 249. For the reasons set forth below, the Court declines to reconsider its decision, and denies Mr. Santa Cruz's motions.

**I.   Background**

On September 16, 2008, Mr. Zaragoza-Santa Cruz was charged with conspiracy to manufacture at least 1,000 marijuana plants, in violation

ORDER ~ 1

of 21 U.S.C. § 846 (Count 1), and manufacturing at least 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) (Count 2).  ECF No. 1.  Mr. Santa Cruz entered a guilty plea to Count 1 of the Indictment on April 15, 2009.  ECF No. 146.  Because Mr. Santa Cruz had a prior drug felony conviction, this charge had a mandatory minimum sentence of twenty years. 21 U.S.C. §§ 841(b)(1)(A) & 851.  The Court accepted Mr. Santa Cruz's plea as knowing, intelligent, and voluntary, ECF No. 156, and sentenced him to twenty years imprisonment.  ECF No. 226.  Judgment was entered on August 27, 2009.  *Id*.

On September 27, 2010, Mr. Santa Cruz filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 248.  Mr. Santa Cruz's petition raised three grounds for relief: 1) his Fourth Amendment rights had been violated, 2) his sentence was erroneously based on "stipulated facts" that he had manufactured methamphetamine, instead of marijuana, and 3) he had been denied the effective assistance of counsel.  On December 22, 2010, the Court denied the motion on three independent grounds.  ECF No. 249.  First, the Court found that Mr. Santa Cruz had not filed his motion within the one-year limitation period required by § 2255(f), and the motion was thus time-barred.  Second, the Court found that Mr. Santa Cruz had waived his right to collaterally attack his conviction with regard to his Fourth Amendment and "stipulated facts" grounds for relief.  Third, the Court found that Mr. Santa Cruz's three grounds for relief were each without merit.  The Court declined to issue a certificate of appealability.

Mr. Santa Cruz filed the instant motions on January 3, 2012, and March 29, 2012.  ECF Nos. 250 & 251.

## II.  Analysis

Mr. Santa Cruz urges the Court to reconsider its Order denying his § 2255 petition and to permit him to supplement the petition with two additional grounds for relief.  Mr. Santa Cruz argues that the Court should reconsider its prior dismissal of his petition because, while his September 27, 2010 petition was untimely, Mr. Santa Cruz had previously mailed two timely petitions to the Clerk's Office, which were both refused and returned to him.  Mr. Santa Cruz has presented credible evidence demonstrating that he had two pieces of mail returned to him on August 17, 2010, and August 31, 2010.  *See* ECF No. 250 Attach. A. However, the Clerk's Office of the U.S. District Court in Richland does not refuse mail.  That these two mailings were returned as refused does not prove that this Clerk's Office refused them.  Note, neither show "Refused" handwritten on them.

Mr. Santa Cruz purports to bring his motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).[1]  Rule 59(e) permits a party to bring a motion to alter or amend a judgment within twenty-eight days of the judgment, Fed. R. Civ. P. 59(e), and is not the appropriate vehicle for Mr. Santa Cruz's request that the Court modify its final Order denying his § 2255 petition.  Rule 60(b) does a permit court to grant a

---

[1] The Federal Rules of Civil Procedure may be applied in § 2255 proceedings to the extent they are not inconsistent with the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts.

ORDER ~ 3

party relief from final orders, but only when one of six specified

reasons is implicated:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion brought under Rule 60(b) must be made

"within a reasonable time," and in the case of motions brought for

reasons (1), (2), and (3), "no more than a year after the entry of the

judgment or order. . . ." *Id.* at 60(c)(1).

Here, Mr. Santa Cruz's motion is properly construed as a motion

alleging mistake or excusable neglect. Accordingly, it was required to

have been brought within one year of the Court's December 22, 2010 Order

denying Mr. Santa Cruz's § 2255 petition: no later than December 22,

2011. Mr. Santa Cruz first moved for relief from that Order on January

3, 2012, and his motions are thus untimely and the Court denies them on

that basis.

The Court also denies Mr. Santa Cruz's motion on the merits: Even

if the Court were to accept Mr. Santa Cruz's argument that his § 2255

petition should be treated as timely, it would not affect the disposition

of the petition because the Court denied the petition for the additional,

independent reasons that 1) Mr. Santa Cruz waived his right to pursue two of his grounds of relief, and 2) because each of the three grounds of relief fails on the merits. *See* ECF No. 249 at 5-6. Accordingly, the Court denies Mr. Santa Cruz's motions on the merits as well.

**III. Conclusion**

For the reasons discussed above, the Court denies Mr. Santa Cruz's motions. As noted in the Court's December 22, 2010, Order, the Court understands Mr. Santa Cruz's consternation at receiving a twenty-year sentence for his relatively minor involvement in a marijuana growing operation. However, Mr. Santa Cruz received the lengthy sentence he did because the United States Attorney's Office (USAO) filed a 21 U.S.C. § 851 Information alleging his 2005 felony conviction for a cocaine trafficking offense, ECF No. 145; under 21 U.S.C. § 841(b)(1)(A), one prior felony drug conviction raises the minimum term of incarceration for the manufacture of 1,000 kilograms or more of marijuana from ten to twenty years. Furthermore, the Court notes that had the USAO filed an additional § 851 Information for the 1991 transportation and sale of cocaine conviction listed in its initial § 851 Notice, ECF No. 140, Mr. Santa Cruz would have faced a mandatory term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Mr. Santa Cruz thus received a substantial benefit as a result of his Rule 11(c)(1)(C) Plea Agreement with the USAO, ECF No. 150.

///

///

///

///

1    Accordingly, **IT IS HEREBY ORDERED**: Mr. Santa Cruz's Motion to

2  Alter/Amend Judgment under Fed. R. Civ. P. 59(e) and/or Motion to

3  Reopen/Reinstate Under Fed. R. Civ. P. 60(b) for Legal Error/Mistake and

4  to Avoid Miscarriage of Justice, **ECF No. 250**, and Motion for Order

5  Granting Motion to Alter/Amend Judgment, **ECF No. 251**, are **DENIED.**

6    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

7  this Order and provide a copy to counsel and Mr. Santa Cruz.

8    **DATED** this ____30th____ day of July 2012.

9

10

11                       s/ Edward F. Shea
                      EDWARD F. SHEA
12            Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Q:\EFS\Criminal\2008\2095.2.deny.alter.amend.lc2.wpd

ORDER ~ 6